IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SANDRA McCALL,

               Appellant,

        v.

SAFEWAY STORES INC.; and JOHN DOES 1 through 10, inclusive,

               Respondent.

No. 88333-0-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, C.J. — Sandra McCall appeals from the CR 12(b)(5) dismissal of her claim for damages against Safeway Stores Inc. based on insufficiency of service of process and denial of her motion for reconsideration. Because the trial court did not err, we affirm.

FACTS

Representing herself pro se, Sandra McCall filed a complaint for negligence against Safeway Stores Inc. at 3:23 p.m. on November 26, 2024 based on an incident that she asserted occurred on November 27, 2021. She alleged that while shopping at a Safeway store in Auburn, she "stepped into a puddle of liquid substance on the floor (fabric softener or laundry detergent), slipped, fell, and subsequently sustained permanent injuries to her back." McCall sought past, present, and future damages for pain and suffering, special damages for past and future medical expenses and lost wages, pre- and post-judgment interest on any

award of monetary damages, recovery of "costs, disbursements and statutory attorney fees," and other just relief. On December 28, McCall mailed the summons and complaint to Safeway's registered agent. Safeway's registered agent recorded receipt of documents related to McCall's case "[b]y [t]raceable [m]ail on 12/31/2024."

On January 14, 2025, Safeway entered a notice of appearance that expressly indicated that it appeared through its attorney "without waiving objections as to improper service, venue, or jurisdiction." On March 19, Safeway filed its motion to dismiss under CR 12(b)(5), along with a notice that the motion would be heard with oral argument at 11 a.m. on April 25 and that "[w]ritten responses and replies must be filed and served according to the deadlines in Local Civil Rule 7." On April 16, Safeway filed a reply to its motion to dismiss, noted that McCall had not responded to its motion by "her deadline, April 14, 2025," and again sought dismissal of the action with prejudice both on the basis of CR 12(b)(5) and due to McCall's failure to respond.

On April 23, counsel appeared on McCall's behalf and filed a response in opposition at 9 a.m. on April 25, two hours before the scheduled start time for the hearing on Safeway's motion to dismiss. At the hearing, Safeway objected to the trial court's consideration of McCall's response brief due to its late filing and noted that self-represented litigants are held to the same standards as attorneys. McCall's counsel acknowledged that her response was untimely, stating, "It is absolutely untimely," and offered to stipulate to a continuance to allow Safeway time to file a reply. The judge again explained, "[T]here has to be some meritorious

reasons why [the motion] was filed late before I would consider your response" and directed counsel to address that threshold matter. McCall's counsel emphasized that he had been retained only two days prior and further explained the barriers his client faced based on her education level and socioeconomic circumstances but ultimately did not respond to the trial court's point that late responses require express permission of the court, usually after a motion has been filed. McCall summarized her position on the procedural question as "in the interest of promoting access to justice." Safeway argued that McCall had been able to file a complaint without the assistance of counsel, reiterated that pro se litigants are held to the same standard as attorneys under Washington law, and emphasized that McCall "had the ample time [sic] and the opportunity" to timely file her response to its motion. In light of the fact that the remedy Safeway sought was the dismissal of McCall's case, the trial court continued the matter for three weeks to allow Safeway to reply to McCall response brief and expressly advised that McCall was not permitted to file a surreply.

When the trial court took the matter up again on May 16, Safeway emphasized that by mailing her initial pleadings, McCall failed to effectuate personal service on it within the statute of limitations. McCall's attorney characterized the issue as one of first impression and argued that the term "delivery" was not defined in the statute, hand-to-hand delivery was not required, and ultimately emphasized what he referred to as "the equitable issue," the struggles of self-represented litigants, before he urged the trial court to "waive rules to advance the cause of justice." After Safeway presented its rebuttal argument,

the trial court took the matter under advisement and indicated that it would issue its written order at a later date. On May 19, the trial court adopted Safeway's proposed order without modification and dismissed McCall's case.

On May 29, McCall filed a motion for reconsideration that asserted the trial court had "both misinterpret[ed] and incorrectly applie[d] a definitional statute as a non-waivable requirement which supersedes the civil rules adopted by our high court." She further contended that dismissal was improper because "a material factual issue remain[ed] unresolved and require[d] jurisdictional discovery"; essentially, "there *could* be evidence of second-hand service" that might support a different outcome. (Emphasis added.) On that basis, McCall also sought, in the alternative, "[l]imited jurisdictional discovery [to] allow the parties and [the] court to determine whether the unwaivable in-person service requirement [Safeway] insists upon was met." On June 18, the trial court denied McCall's motion for reconsideration.

McCall timely appealed.

ANALYSIS

I.    Scope of Review on Appeal

McCall filed a notice of appeal on June 16, 2025 that designated only the May 19 order that dismissed her case under CR 12(b)(5). However, she filed an amended notice of appeal on July 16 and designated the trial court's June 18 order that denied her motion for reconsideration, in addition to the May 19 dismissal order. McCall's opening brief presents two assignments of error: that the trial court erred when it concluded Safeway had not been personally served with McCall's

suit and abused its discretion when it denied her motion for reconsideration. Because the assignment of error regarding the propriety of the trial court's ruling under CR 12(b)(5) is dispositive, we need not reach the merits of her challenge to the order that denied reconsideration.

II.    Motion to Dismiss under CR 12(b)(5)

CR 12 establishes the deadlines for the filing of an answer in a suit, but the timeframes set out in the rule are premised on the method of service of process used by the plaintiff. *See* CR 12(a). It further establishes that certain defenses, enumerated in the rule, may be presented by a separate motion independent of an answer. *See* CR 12(b). Relevant here, Safeway moved for dismissal under CR 12(b)(5), insufficiency of service of process. CR 12(d) establishes the procedure for hearing CR 12(b) defenses and explicitly states that such motions "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." This is so because, under Washington law, "'[b]eyond due process [requirements], statutory service requirements must be complied with in order for the court to finally adjudicate the dispute between the parties.'" *Ronald Wastewater Dist. v. Olympic View Water & Sewer Dist.*, 196 Wn.2d 353, 370, 474 P.3d 547 (2020) (alterations in original) (internal quotation marks omitted) (quoting *Weiss v. Glemp*, 127 Wn.2d 726, 734, 903 P.2d 455 (1995)). "Proper service of the summons and complaint is a prerequisite to a court obtaining jurisdiction over a party." *Harvey v. Obermeit*, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). "This court reviews de novo if

service of process was proper." *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).

> When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service. A plaintiff can establish a prima facie case by providing a declaration of a process server, regular in form and substance. Then the challenging party must show by clear and convincing evidence that service was improper.

*Northwick v. Long*, 192 Wn. App. 256, 261, 364 P.3d 1067 (2015) (footnotes omitted). Our appellate courts have long held that "the defense of insufficient service of process is waived unless the party asserts it either in a responsive pleading or in a motion under CR 12(b)(5)." *French v. Gabriel*, 116 Wn.2d 584, 588, 806 P.2d 1234 (1991); *see also Harvey v. Obermeit*, 163 Wn. App. 311, 323, 261 P.3d 671 (2011); *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 527, 125 P.3d 134 (2004); *Gerean v. Martin-Joven*, 108 Wn. App. 963, 972-73, 33 P.3d 427 (2001); *Davidheiser v. Pierce County*, 92 Wn. App. 146, 155, 960 P.2d 998 (1998).

Here, McCall does not dispute that she mailed the summons and complaint to Safeway's registered agent in late December 2024. She attached to her response to Safeway's motion to dismiss a printed record of the United States Postal Service (USPS) tracking information that matched the tracking number on the photocopy of the USPS label that Safeway had included with its motion. The printout of the tracking history begins with the entry "USPS in possession of item" in Auburn at 10:00 a.m. on December 28, 2024 and concludes with a notation, "Delivered, Individual Picked Up at Postal Facility," and information that indicates it was picked up at 6:24 a.m. on December 31, 2024. This was the only evidence,

other than her declaration, that she proffered in support of denial of the motion to dismiss. As both parties recognized, the question of commencement of the action through proper service of process was dispositive in this case because McCall filed her negligence action against Safeway the day before the statute of limitations was due to expire.

A.  Statute of Limitations

RCW 4.16.005 explains, absent exceptions not applicable here, that "actions can only be commenced within the periods provided in this chapter after the cause of action has accrued." Personal injury actions, like the one McCall sought to bring against Safeway, must be commenced within three years. RCW 4.16.080(2). A cause of action in negligence accrues when a plaintiff "suffers appreciable harm as a consequence of negligence . . . the infliction of actual and appreciable damage will trigger the running of the statute of limitations." *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 219, 543 P.2d 338 (1975). Critically here,

> [f]or the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. *If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally . . . within ninety days from the date of filing the complaint. . . . If. . . following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.*

RCW 4.16.170 (emphasis added).

Compliance with the applicable statute of limitations and rules and statutes regarding commencement of actions is essential because, "[f]rom the time of the commencement of the action by service of summons, or by filing of a complaint, or

as otherwise provided, the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings." RCW 4.28.020. In order to proceed with her claim for damages against Safeway, McCall carries the burden to establish that she had satisfied these distinct, but complimentary requirements such that commencement of the action occurred within the statute of limitations.

B.      Civil Rules on Commencement of Action and Service of Process

Our civil rules establish the means by which an action may be commenced. CR 3(a) states, "Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint." Process is then addressed in CR 4. CR 4(d)(2) requires that "personal service of summons and other process shall be as provided in RCW 4.28.080-.090." However, CR 4(d)(4) also notes,

> In circumstances justifying service by publication [as set out in CR 4(d)(3)], if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, *the court may order* that service be made by any person over 18 years of age, who is competent to be a witness, *other than a party*, by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate. *Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered.* The envelopes must bear the return address of the sender. The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing. Service under this subsection has the same jurisdictional effect as service by publication.

(Emphasis added.) Further, CR 4(g) provides the relevant requirement regarding return of service:

- 8 -

Proof of service shall be as follows:
. . . .
(4) If served as provided in subsection (d)(4), the affidavit of the serving party stating that the copies of the summons and other process were sent by mail in accordance with the rule and directions by the court, and stating to whom, and when, the envelopes were mailed.

The plain language of CR 4(d)(2) required McCall to serve Safeway "as provided in RCW 4.28.080-.090" unless she sought leave of the court under CR 4(d)(4) to effectuate service by mail. If such permission was granted, return of service would be demonstrated by an affidavit containing the information described in CR 4(g)(4).

C.     Statutory Requirements for Service of Process on Corporate Entity

The version of RCW 4.28.080 in effect at the time McCall filed her negligence action and attempted service plainly states that "[s]ervice made in the modes provided in this section is personal service" in conformance with the language of CR 4, set out *supra*. Former RCW 4.28.080 (2015). The statute further directs, in relevant part, that

[t]he summons shall be served by delivering a copy thereof, as follows:
. . . .
(9) If against a company or corporation other than those designated in subsections (1) through (8) of this section, to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier, or managing agent.

Former RCW 4.28.080(9). Safeway conceded in its motion to dismiss that subsection (9) controlled in this case. It also cited, without analysis, RCW 23.95.450 which states in subsection (1) that a "represented entity may be served

with any process, notice, or demand required or permitted by law by serving its registered agent."

Accepting Safeway's position that subsection (9) applies, which McCall apparently understood to some extent given that she mailed the summons and complaint to its registered agent, the Civil Rules and statutes set out in this section nonetheless required additional steps in order establish compliance such that the action was properly commenced within the statute of limitations. McCall failed to carry her burden in that regard.

III.   Dismissal for Insufficient Service Was Proper

McCall attempted to frame this issue as one of statutory interpretation and, to the extent that it sought to meet those arguments, Safeway responded with its own contrary, but related analysis. However, the controlling case law is clear; when Safeway challenged the sufficiency of service of process, McCall had the burden to establish a prima facie case of proper service under the applicable rules and statutes. Accordingly, this is not a question of statutory interpretation and certainly not, as McCall's counsel contended in the trial court, one of first impression. The matter before us presents the simple question of whether McCall made her threshold showing that she completed service of process such that the applicable statute of limitations was tolled.

Toward that end, if McCall sought to effectuate service by mail, she was required to first seek the trial court's permission. Our state Supreme Court has explained,

> Under CR 4(d)(4), a party may conduct service by mail. A court will issue an order allowing service by mail when there are "circumstances justifying service by publication" and if the serving party demonstrates, by affidavit, facts which show that service by mail is just as likely to give actual notice as service by publication.

*Jones v. Stebbins*, 122 Wn.2d 471, 475, 860 P.2d 1009 (1993). Thus, a litigant must either effectuate personal service of a corporation or seek an order allowing service by mail and provide the requisite affidavit as proof of service.

Here, McCall did not personally serve Safeway; service was by mail. Yet she has produced no evidence that she complied with the foregoing requirements for service by mail. She did not obtain the required order, and, most critically, neither filed an affidavit of service, nor contended elsewhere in any pleading or declaration that, even without the court's permission, she complied with the requirements of CR 4(d)(4) and served the requisite number of copies, "*one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered.*"[1] (Emphasis added.) Critically here, CR 4(d)(5) explicitly states that a "voluntary appearance of a defendant does not preclude the defendant's right to challenge . . . insufficiency of service of process pursuant to rule 12(b)." Our appellate courts have consistently reiterated that principle established by the plain language of the rule. *See, e.g., Lybbert v. Grant County,* 141 Wn.2d 29, 44, 1 P.3d 1124 (2000); *French,* 116 Wn.2d at 594; *Crouch v. Friedman*, 51 Wn. App. 731, 735, 754 P.2d 1299 (1988); *Adkinson v. Digby, Inc.*,

---

[1] Further, "our State has long required service of process to be made by a person other than a plaintiff. This requirement is consistent with the principle of law that a person may not execute process in [their] own favor." *Crouch v. Friedman*, 51 Wn. App. 731, 733, 754 P.2d 1299 (1988) (citation omitted). McCall does not engage with this additional aspect of the governing rules regarding service of process.

- 11 -

99 Wn.2d 206, 210, 660 P.2d 756 (1983). Accordingly, the fact that Safeway voluntarily appeared within the 90-day period following McCall's filing of the complaint does not assist her with regard to the prima facie showing.

On these facts, the tactical decision of McCall's counsel to pivot away from the evidentiary burden and toward statutory interpretation makes a certain amount of sense, as does the emphasis on what counsel termed "the equitable issue" in the trial court, but was more properly understood as an attempt to obtain a waiver of the requirements of the rules and statutes set out herein.[2] While McCall's counsel emphasized the difficulties self-represented parties often face when navigating the legal system, and presented slides that featured headlines on the topic, the fact remains that McCall competently drafted a fairly sophisticated complaint for damages and filed it just before the expiration of the statute of limitations. The fact that she mailed the summons and complaint to Safeway's registered agent supports the conclusion that she was able to conduct at least some research regarding commencement of an action against a corporate entity. These considerations actually cut against her arguments for waiver and, even if McCall had been less successful in her efforts to preserve her claims against Safeway, to the extent she seeks a holding from this intermediate appellate court to overturn longstanding precedent that holds self-represented parties to the same standard as attorneys, we decline that request as well.

---

[2] Section B of McCall's response to the motion to dismiss was entitled, "Justice is furthered by *waiving* the formal service rules because Safeway is present and unprejudiced by the service method employed" (emphasis added), and she specifically argued that the answer to the issue of the financial inequity or power differential of the parties "is clear: waiver or a finding of substantial compliance is most consistent with both the civil rule's purpose and the interests of justice."

McCall failed to carry her evidentiary burden to make a prima facie showing of any compliance with the relevant rules and statutes regarding service of process for purposes of commencing an action. Her declaration submitted with her response in opposition to Safeway's motion to dismiss simply presented biographical facts about her and reiterated or expanded on the assertions set out in her complaint; nowhere did McCall address the matter at the heart of the motion. Similarly, at the May 16 hearing on the motion, McCall's counsel went on at great length about access to justice and public disdain for attorneys but, given that the question of the propriety of service of process is one tied to the court's ability to exercise jurisdiction over the parties, the trial court properly avoided accepting counsel's policy arguments over the established rules, statutes, and caselaw analyzed herein.[3]

Affirmed.

WE CONCUR:

---

[3] Further, to adopt an unprincipled and unbounded rule, as McCall urged in the trial court and now on appeal, that a person's hardships in life regarding poverty, substance use and abuse, domestic violence, and other equally serious matters may justify waiver of court rules and legislative enactments regarding service of process that go to the heart of a structured legal system, could result in wild disparities in outcomes and could undermine the very access to justice for which her counsel argued. In the absence of relevant Supreme Court precedent, we decline to unilaterally amend the applicable rules and statutes (as set forth herein), based on the considerations McCall emphasizes here or any other equally compelling considerations. Such a holding would exceed our proper role as an intermediate appellate court.

- 13 -